UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HAROLD HOLMES, | Case No.: 2:23-cv-01487-APG-MDC |
| Plaintiff | **Order Granting Defendant's Motion to Dismiss** |
| v. | [ECF No. 13] |
| UNITED STATES OF AMERICA, | |
| Defendant | |

Harold Holmes and Seth James Brown were in a car accident while Brown was acting within the scope of his employment as a United States Air Force officer. Holmes filed suit against Brown, but because Brown was acting in his official capacity and within the scope of his employment, the United States was substituted in as the defendant. ECF No. 11. Holmes sues under the Federal Tort Claims Act (FTCA) for damages arising out of the accident, alleging negligence and negligence per se.

The government moves to dismiss for lack of subject matter jurisdiction, arguing that Holmes did not administratively exhaust his claim. Holmes responds that because he still had time to exhaust when the government moved to dismiss, I should deny the motion and allow him to exhaust and file an amended complaint as dismissal would be inefficient. The government replies that inefficiency does not excuse a lack of jurisdiction so the case must be dismissed. I agree and dismiss the case because Holmes failed to exhaust administrative remedies.

I.  ANALYSIS

The government argues that dismissal is appropriate because Holmes' failure to exhaust means I do not have jurisdiction to hear Holmes' claims. It argues that Holmes needed to exhaust before filing suit, so amendment would be futile. Holmes responds that he did not

initially know he needed to file an administrative claim because he was unaware Brown was working within the scope of his federal employment at the time of the accident.  He asserts that he still had time to file an administrative claim when the government moved to dismiss.  He contends he is now in the process of exhausting his claim so I should allow him to amend his complaint after exhaustion.  He argues this is more efficient than dismissing and forcing him to refile.  The government replies that a lack of subject matter jurisdiction cannot be waived, so I must dismiss.

The United States is immune from suit unless it waives its sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  The FTCA provides a limited waiver of the United States' sovereign immunity for suits alleging certain common law torts committed by federal officials acting within the scope of their employment. 28 U.S.C. §§ 2674, 2679(d)(1); *F.D.I.C*, 510 U.S. at 475-76.  However, "[t]he FTCA bars claimants from suing the government until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Exhaustion requires a claimant to "first present[] the claim to the appropriate Federal agency" and that agency to finally deny the claim. 28 U.S.C. § 2675(a).  A failure of the agency to respond within six months is considered a final denial. *Id.*

Exhaustion under the FTCA's claims procedures "is a prerequisite to district court jurisdiction." *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983); *see also Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) (stating that a tort claimant must first exhaust administrative procedures under the FTCA before suing the government, and this requirement is a non-waivable jurisdictional limitation).  "Jurisdictional requirements cannot be waived or forfeited, . . . [and] do not allow for equitable exceptions." *Boechler, P.C. v. Comm'r of Internal*

*Revenue*, 596 U.S. 199, 203 (2022). Thus, the failure to administratively exhaust is grounds for dismissal. *McNeil*, 508 U.S. at 113.

To administratively exhaust his claim under the FTCA, Holmes needed to file an administrative claim with the Air Force and wait for it to be denied or expire after six months. Only after this process does a federal court have subject matter jurisdiction to hear his claims. Even though Holmes did not initially know he needed to exhaust when he sued Brown, this does not change the FTCA's jurisdictional requirements. *See Gonzalez v. Univ. Med. Ctr. of S. Nev.*, No. 2:21-cv-02238-JAD-BNW, 2022 WL 2373671, at *3 (D. Nev. June 30, 2022) (dismissing a complaint for lack of subject matter jurisdiction where the plaintiff failed to exhaust because she did not know the defendant was a federal employee until the government removed the case from state court). I must dismiss the complaint instead of allowing amendment because exhaustion of FTCA claims is a prerequisite to jurisdiction in this court. *McNeil*, 508 U.S. at 112-13 ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process." (emphasis added)).

Holmes argues that dismissing his complaint and forcing him to refile is inefficient, but inefficiency is not an exception to a jurisdictional requirement. Holmes relies on *Kwai Fun Wong v. Beebe*, arguing that efficiency warranted equitable tolling of the FTCA's requirements in *Kwai Fun Wong* and should apply here. 732 F.3d 1030, 1053 (9th Cir. 2013) (en banc). But *Kwai Fun Wong* holds that the FTCA's two-year limitations period in 28 U.S.C § 2401(b) may be tolled, and in doing so it reaffirmed that the exhaustion requirement in § 2675(a) "is tied by explicitly statutory language to jurisdiction" and thus is jurisdictional. *Id.* at 1047. The issue here is not whether to toll the limitations period under § 2401(b). Rather, the issue is that

Holmes did not exhaust his administrative remedies under § 2675(a). *Kwai Fun Wong* therefore is of no assistance to Holmes.

Because administrative exhaustion is required under the FTCA, and Holmes did not exhaust, this court does not have subject matter jurisdiction over Holmes' claims. Without subject matter jurisdiction, I must dismiss the complaint, regardless of whether Holmes initially knew about the need to exhaust or still had time to do so when the government moved to dismiss.

**II.      CONCLUSION**

I THEREFORE ORDER that the United States' motion to dismiss **(ECF No. 13) is GRANTED**.

DATED this 19th day of April, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE